# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-20227
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WAYNE CALHOUN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. CR-H-95-218-3)

January 14, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Timothy Wayne Calhoun appeals his conviction and sentence for conviction of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and aiding and abetting possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2. He argues that the term "felony drug offense" as used in 21 U.S.C. § 841(b)(1)(A) is

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

unconstitutionally vague and that the district court erred in failing to take judicial notice of the criminal complaint and supporting affidavit filed in the case.

Section 841(b)(1)(a)) sufficiently defines the criminal conduct that is sufficient to trigger the application of the enhancement provision. See Buckley v. Collins, 904 F.2d 263, 266 (5th Cir.), cert. denied, 498 U.S. 990 (1990); see also 21 U.S.C. § 802(43) (defining "felony drug offense"). The district court did not abuse its discretion in refusing to take judicial notice of the complaint. Cf. United States v. Glass, 744 F.2d 460, 461 (5th Cir. 1984).

AFFIRMED.